No. 98,056

In the Matter of FREDERICK J. PETZOLD, *Respondent.*

(169 P.3d 686)

Opinion filed October 26, 2007.

*Janith A. Davis,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator against respondent, Frederick J. Petzold, an attorney admitted to the practice of law in Kansas in July 1965. The respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Overland Park, Kansas.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys on October 19, 2006. In its final hearing report, the panel concluded that the respondent had violated KRPC 1.16(a)(1) (2006 Kan. Ct. R. Annot. 448) (declining representation), KRPC 5.5(a) (2006 Kan. Ct. R. Annot. 494) (unauthorized practice of law), and Kansas Supreme Court Rule 211(b) (2006 Kan. Ct. R. Annot. 284) (requiring service of answer to complaint within 20 days). The hearing panel unanimously recommended that the respondent be indefinitely suspended from the practice of law in the State of Kansas.

The panel's findings of fact, conclusions of law, and recommendations for discipline are reproduced in part as follows:

### "FINDINGS OF FACT

"2. The Respondent was admitted to the practice of law in the state of Kansas on July 1, 1965. On November 20, 1980, the Kansas Supreme Court suspended the Respondent for failing to pay the annual registration fee. On July 9, 1984, the Court reinstated the Respondent's license to practice law.

"3. On January 6, 1993, the Court, again, suspended the Respondent's license to practice law. The Court suspended the Respondent's license to practice law in

1993 because he failed to comply with the annual CLE requirements. On November 9, 1994, the Court reinstated the Respondent's license to practice law.

"4. On November 5, 1996, the Court suspended the Respondent's license for a third time. The Court suspended the Respondent's license because he failed to pay the annual registration fee, he failed to pay the annual CLE fee, and he failed to comply with the annual education requirements. Thereafter, on November 24, 1997, the Court, again, reinstated the Respondent's license to practice law.

"5. On November 4, 1999, the Court suspended the Respondent's license once again. The Court suspended the Respondent's license because the Respondent failed to pay the annual registration fee, the Respondent failed to comply with the annual education requirements, and the Respondent failed to pay the CLE late fee. The Respondent's license remains suspended.

"6. On August 11, 2005, the Respondent sent a demand letter, in behalf of Rustie Ann Miller, to the City of Holton, Kansas, to the Mayor of Holton, Kansas, to the City Manager of Holton, Kansas, to the Police Chief of Holton, Kansas, and to Jay Budde, a Police Officer employed by Holton, Kansas.

"7. The Respondent's letter provided, in part, as follows:

'I represent Rustie Ann Miller of Holton, Kansas, in connection with her claim for damages for the deprivation of her civil rights by the illegal actions, all under color of state law, taken by: (1) Police Officer Jay Budde, by the inappropriate use of his handgun in her presence; (2) By said Officer's assault of my client by his intentional swerving of his patrol car at her while she was driving in the opposite direction in her vehicle; (3) By said Officer stopping and issuing to my client a harassing warning ticket; (4) For further damages on account of the city's reckless failure to prevent further incidents subsequent to Officer Budde's aforementioned inappropriate use of his handgun; and (5) For further additional damages on account of the city's reckless hiring of Officer Budde when a routine check on his previous employment would have shown him to be a problem officer with numerous serious incidents.

'We view these illegal actions to be of a most serious nature for which compensatory and punitive damages would be awarded with attorney's fees.

'Accordingly, demand is hereby made for the payment to my client in the amount of $650,000.00. In the event that the undersigned does not receive an affirmative reply to this demand within ten (10) weekdays from your receipt of this letter with satisfactory assurance of prompt payment, suit will be immediately [filed] in the United States District Court for the District of Kansas, where a much larger amount of compensation and punitive damages and attorney's fees will be sought.'

"8. On the second page of the Respondent's letter, he included a heading identifying himself as an 'Attorney at Law.'

"9. On August 16, 2005, the Respondent called Marlin A. White, City Attorney for Holton, Kansas, regarding his demand letter. The Respondent inquired as to what action the city might be taking regarding his letter. Following the Respondent's telephone call, Mr. White called the Disciplinary Administrator's

office to determine whether the Respondent was licensed to practice law. At that time, Mr. White was informed that the Court suspended the Respondent's license in 1999.

"10.   Also on August 16, 2005, Mr. White forwarded a copy of the Respondent's letter along with a letter of complaint regarding the Respondent's unauthorized practice of law to the Disciplinary Administrator's office.

"11.   The Respondent terminated his representation of Ms. Miller after advising her that her damages were insignificant. The Respondent never advised Ms. Miller that his license to practice law was suspended.

"12.   On September 16, 2005, the Respondent responded to the complaint in writing. The Respondent admitted that he practiced law while he was suspended and that his actions were improper.

"13.   On August 23, 2006, the Disciplinary Administrator filed a Formal Complaint and Notice of Hearing in this case. On that same date, the Disciplinary Administrator sent a copy of the Formal Complaint and the Notice of Hearing to the Respondent *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. The envelope with the Formal Complaint and Notice of Hearing sent to the Respondent at his last registration address was returned unopened.

"14.   On September 6, 2006, a copy of the Formal Complaint and Notice of Hearing was mailed, *via* certified United States mail, postage prepaid to an address in Topeka. On September 7, 2006, the Respondent signed the return receipt.

"15.   The Respondent failed to file a written Answer to the Formal Complaint. On October 19, 2006, a hearing was held on the Formal Complaint. The Respondent failed to appear at the hearing."

The hearing panel's conclusions of law are as follows:

### "CONCLUSIONS OF LAW

"1.   Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Additionally, the Disciplinary Administrator provided actual notice to the Respondent by forwarding a copy of the Formal

Complaint and Notice of Hearing to an address in Topeka. Accordingly, the Hearing Panel concludes that the Respondent was afforded not only the notice that the Kansas Supreme Court Rules require but actual notice.

"2.   KRPC 1.16(a)(1) provides:

'[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the rules of professional conduct or other law.'

Attorneys are prohibited from representing clients when that representation will result in a violation of the Kansas Rules of Professional Conduct or other law. In this case, the Respondent's representation of Ms. Miller violated KRPC 5.5 (the unauthorized practice of law). Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.16(a)(1).

"3.   KRPC 5.5(a) prohibits the unauthorized practice of law. The Respondent provided legal advice to Ms. Miller, wrote a demand letter in her behalf, held himself out as an 'Attorney at Law,' and called Mr. White in relation to his representation of Ms. Miller. Because the Respondent practiced law when his license to do so had been suspended, the Hearing Panel concludes that the Respondent violated KRPC 5.5(a).

"4.   The Kansas Supreme Court Rules require attorneys to file Answers to the Formal Complaints. Kan. Sup. Ct. R. 211(b) provides the requirement:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to provide a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b)."

## RECOMMENDED DISCIPLINE

In recommending indefinite suspension as the appropriate discipline in this case, the hearing panel considered the following factors outlined by the American Bar Association Standards for Imposing Lawyer Sanctions:

"*Duty Violated.* The Respondent violated his duty to the legal profession to comply with the rules of the Court. Additionally, the Respondent violated his duty to his client.

"*Mental State*. The Respondent knowingly violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused potential injury to Ms. Miller and to the legal profession.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on one occasion. In 1980, the Disciplinary Administrator informally admonished the Respondent for engaging in conduct that was 'entirely unbecoming to a lawyer' by engaging in 'indecent activities with a minor female.'

"Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. Because the Respondent failed to file a written Answer to the Formal Complaint and because the Respondent failed to appear at the hearing held on the Formal Complaint, the Hearing Panel concludes that the Respondent engaged in bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the disciplinary rules.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1965. Prior to his latest suspension, the Respondent had an active license to practice law for approximately 28 of the 41 years since he was admitted. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstance present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness do not appear to be motivating factors in this case.

"Remoteness of Prior Offenses. The discipline imposed in 1980 is remote in time and in character to the misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standard:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public or the legal system.' Standard 7.2.

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended from the practice of law.

"Based upon the findings of fact, conclusions of law, and the Standard listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the state of Kansas.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct

must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284) (misconduct to be established by clear and convincing evidence).

The respondent did not file any exceptions to the panel's final report. Accordingly, the final report is deemed admitted. Supreme Court Rule 212(d) (2006 Kan. Ct. R. Annot. 295).

We conclude the hearing panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt the same.

With respect to the discipline to be imposed, the panel's recommendation that the respondent be indefinitely suspended from the practice of law in the state of Kansas is advisory only and shall not prevent the court from imposing discipline greater or lesser than that recommended by the panel or the Disciplinary Administrator. Supreme Court Rule 212(f).

The respondent's conduct in writing the letter to the City of Holton, wherein he stated he was an attorney representing a client and demanding $650,000 or else he would file suit, constitutes the blatant and audacious unauthorized practice of law. At the time, respondent had been suspended from the practice of law in Kansas for more than 5 years. A majority of the court accepts the discipline of indefinite suspension recommendation of the panel. A minority would disbar the respondent.

IT IS THEREFORE ORDERED that Frederick J. Petzold be indefinitely suspended from the practice of law effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2006 Kan. Ct. R. Annot. 243).

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.

DAVIS, J., not participating.

MCANANY, J., assigned.